**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SKYCORP LTD,<br><br>         Plaintiff-Appellant,<br><br>  v.<br><br>KING COUNTY, a municipal subdivision of State of Washington,<br><br>         Defendant-Appellee. | No.   21-35043<br><br>D.C. No. 2:20-cv-01632-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted September 3, 2021
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and RAKOFF,[**] District Judge.

SkyCorp Ltd appeals the district court's grant of King County's motion to

dismiss its claims seeking declaratory judgment arising under the Due Process

Clause of the Fourteenth Amendment and the Dormant Commerce Clause of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

United States Constitution. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

The district court appropriately dismissed SkyCorp's Due Process Clause claim because SkyCorp failed to allege facts sufficient to meet the federal pleading standard. *See* Fed. R. Civ. P. 8(a)(2). That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). SkyCorp's spare and conclusory allegations that the challenged ordinance "expressly deprive[s] [SkyCorp] of its rights and liberties . . . in a manner which fails to advance any legitimate interest of King County," and as a result "directly and proximately deprived [SkyCorp] of [its] property rights absent substantive due process of law" do not meet this standard. Thus, we affirm the district court's dismissal of this claim.

We dismiss SkyCorp's Dormant Commerce Clause claim, albeit on different grounds than the district court. Although the parties did not address standing in their appellate briefing, we have "an obligation to assure ourselves" of litigants' standing under Article III. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340

2

(2006) (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180 (2000)). "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013) (quoting *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000)). In the context of declaratory or injunctive relief, the plaintiff also must demonstrate a "real or immediate threat of an irreparable injury." *Id.*

SkyCorp has not alleged facts sufficient to establish standing to assert its Dormant Commerce Clause claim. For example, SkyCorp's allegations regarding its out-of-state waste disposal are silent as to whether King County has ever enforced the challenged ordinance against it for such conduct in the past—or intends to do so in the future. Thus, absent allegations of a "real or immediate threat of irreparable injury," SkyCorp cannot establish Article III standing to pursue its Dormant Commerce Clause claim. *Id.* We note, however, that King County acknowledged at oral argument that SkyCorp's claims might be viable in the future in the event of appropriate allegations.

**AFFIRMED IN PART AND DISMISSED IN PART.** Each party shall bear its own costs.